FILED
OCT 11 2017
Clerk, U.S. District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CV 17-27-BLG-SPW |
| **Plaintiff,** | |
| vs. | **JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE** |
| **DONNIE D. LIMING, JENIFER KOPP-KNIGHT f/k/a JENIFER LIMING, CREDIT SERVICE CO., INC., COLLECTION BUREAU SERVICES, INC., and BIG HORN COUNTY, a political subdivision of the State of Montana,** | |
| **Defendants.** | |

This matter having been brought before the Court by Plaintiff, United States of America, by and through its attorney, Keith A. Jones, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is subject to this foreclosure action is located in Big Horn County, and more particularly described as follows:

> Lot Two (2) of Block Nine (9) of the Fourth Addition to the Town (now city) of Hardin, Montana.

2. The United States loaned Jenifer Liming (n/k/a Jenifer Kopp-Knight) and Donnie D. Liming the sum of $64,900.00 in the form of a Section 502 Rural Housing loan and assumption agreement. These loans are evidence by an assumption agreement for $42,000.00 and a promissory note for $22,900.00, both dated January 30, 1997. A true and correct copy of the promissory note and assumption agreement, the assumed promissory note and the additional promissory note are attached to the Amended Complaint as Exhibit A, Exhibit B, and Exhibit C.

3. As security for the above described loans Jenifer Liming (n/k/a Jenifer Kopp-Knight) and Donnie Liming executed a real estate mortgage on January 30, 1997, providing the United States a security interest in the real property described above. The mortgage was filed for record with the Clerk and Recorder of Big Horn County on January 30, 1997, as document number 314387. Additionally, Rural Housing Service holds a prior mortgage, which is still of record (recorded

2

December 9, 1988), which mortgage was executed by the prior borrowers, whose loan Jenifer Liming (n/k/a Jenifer Kopp-Knight) and Donnie D. Liming assumed. A true and correct copy of the mortgages are attached to the Amended Complaint as Exhibit D and Exhibit E.

4. On November 16, 1988, Donnie D. Liming quitclaimed his interest in the property to Jenifer Liming (n/k/a Jenifer Kopp-Knight), and in April 1999, the borrowers' marriage was dissolved. Donnie D. Liming was never released of personal liability. Additionally, the loan was reamortized twice, once on August 19, 2000, and again on November 14, 2002, but both reamortizations were signed only by Jenifer Liming (n/k/a Jenifer Kopp-Knight).

5. Defendants, Jenifer Liming (n/k/a Jenifer Kopp-Knight) and Donnie D. Liming, are in default under the terms of the promissory note and assumption agreements described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on October 14, 2016.

6. Defendants, Jenifer Liming (n/k/a Jenifer Kopp-Knight) and Donnie D. Liming, are indebted to the Plaintiff for the loans outlined above in the principal amount of $54,890.00, plus interest computed at the daily rate of $10.90 per day for the accrued total amount of $3,096.40, plus escrow/impound required fees in the amount of $7,269.81 and fees of $662.60 ($186.60 late charges and $476.00 not yet assessed), for a combined total of $65,918.81 as of December 8, 2016. In

addition, if the value of the real property exceeds the principal and accrued interest ($65,918.81), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated January 30, 1997, attached to the Amended Complaint as Exhibit D. The interest subject to recapture will be $46,439.85, making a total of $112,358.66 due and owing. Interest continues to accrue from December 8, 2016, at the rate of $10.90 per day until the date of entry of judgment. A true and correct copy of the Affidavit of Kimberly Maines of Rural Housing Service is attached to the Amended Complaint as Exhibit G, which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

7. Defendant, Credit Service Co., Inc., has or may have an interest in the real property subordinate to the real estate mortgage of the United States by virtue of a Transcript of Judgment against Jenifer L. Liming, (n/k/a Jenifer Kopp-Knight) filed in the Justice Court of Record, Civil Division, Big Horn County, on March 26, 2007 under Cause No. DV 07-28, and a Transcript of Judgment against Jenifer L. Liming (n/k/a Jenifer Kopp-Knight), filed in the Justice Court of Record, Civil Division, Big Horn County, on March 18, 2010, under Cause No. DV 2010-19.

8. Defendant Collection Bureau Services, Inc., a Montana Corporation, has or may have an interest in the real property subordinate to the real estate mortgage of the United States by virtue of a Default Judgment against Jenifer L.

Liming (n/k/a Jenifer L. Kopp-Knight), filed in the Justice Court of Big Horn County, May 12, 2016, under Cause No. DV 2016-28.

9. Defendant, Big Horn County, has or may have an interest in the property by virtue of real property taxes that may be due and owing. The principal amount of such takes priority over the United States.

10. Defendant Donnie D. Liming, was personally served by the United States Marshal's office with a copy of the Summons and Amended Complaint. (Dkt. 19.) Defendant Donnie D. Liming, did not make an appearance. His Default was entered on May 25, 2017. (Dkt. 25.)

11. Defendant Jenifer L. Liming (n/k/a Jenifer Kopp-Knight), was personally served by the United States Marshal's office with a copy of the Summons and Amended Complaint. (Dkt. 20.) Defendant Jenifer L. Liming (n/k/a Jenifer Kopp-Knight) did not make an appearance. Her Default was entered on May 25, 2017. (Dkt. 25.)

12. Defendant Collection Bureau Services, Inc., executed a Waiver of Service of Summons it was filed with the Court on April 3, 2017. (Dkt. 17.) Defendant Collection Bureau Services, Inc., did not make an appearance. Its Default was entered on May 25, 2017. (Dkt 25.)

13. Defendant Credit Service Co., Inc., executed a Waiver of Service of Summons it was filed with the Court on April 3, 2017. (Dkt. 16.) Defendant

Credit Service Co., Inc., did not make an appearance. Its Default was entered on May 25, 2017. (Dkt. 25.)

14. Lance Pedersen, counsel for Big Horn County, executed a Waiver of Service of Summons; it was filed with the Court on March 17, 2017. (Dkt. 14.) On March 17, 2017, Defendant Big Horn County, filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulation that any judgment shall recognize the priority of the principal amount of any real property taxes owed or to be assessed against the property that is subject of the foreclosure to the date of sale. (Dkt. 15.)

## CONCLUSION OF LAW

15. Big Horn County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

16. Plaintiff, United States of America, is entitled to foreclosure judgment against Defendants, Donnie D. Liming and Jenifer L. Liming (n/k/a Jenifer Kopp-Knight) in the principal amount of $54,890.00, plus interest computed at the daily rate of $10.90 for the accrued total amount of $3,096.40 as of December 8, 2016, plus escrow/impound required fees in the amount of $7,269.81 and fees of $662.60 ($186.60 late charges and $476.00 not yet assessed), for a combined total of $65,918.81 as of December 8, 2016. In addition, if the value of the real property exceeds the principal and accrued interest ($65,918.81), the Rural Housing Service

is entitled to repayment of the interest credit subsidy pursuant to the repayment agreement dated January 30, 1997. The interest subject to recapture will be $46,439.85, making a total of $112,358.66 due and owing as of December 8, 2016. Interest continues to accrue from December 8, 2016, at the rate of $10.90 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

17. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the forgoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff, the United States of America, have judgment against Defendants Donnie D. Liming and Jenifer L. Liming (n/k/a Jenifer Kopp-Knight), in the principal amount of $54,890.00, plus interest computed at the daily rate of $10.90 for the accrued total amount of $3,096.40 as of December 8, 2016, plus escrow/impound required fees in the amount of $7,269.81 and fees of $662.60 ($186.60 late charges and $476.00 not yet assessed), for a combined total of $65,918.81 as of December 8, 2016. In addition, if the value of the real property exceeds the principal and accrued interest ($65,918.81), the Rural Housing Service is entitled to repayment of the interest credit subsidy pursuant to the repayment

agreement dated January 30, 1997. The interest subject to recapture will be $46,439.85, making a total of $112,358.66 due and owing as of December 8, 2016. Interest continues to accrue from December 8, 2016, at the rate of $10.90 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

    2. Each and all of the material allegation contained in Plaintiff's Amended Complaint are true and correct.

    3. The real property described hereafter, together will all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner provided by law and according to the course and practice of this Court with Counsel for Plaintiff to prepare a Notice of Sale and to file the Affidavit of Publication with the Petition for Confirmation of U.S. Marshal's Sale. The real property is located in Big Horn County, Montana, and described as follows:

> Lot Two (2) of Block Nine (9) of the Fourth Addition to the Town (now city) of Hardin, Montana.
>
> Common Address: 717 North Crook Avenue, Hardin, Montana.

    4. The real property be sold with the right of redemption as provided in Mont. Code Ann. §§ 25-13-801 through 25-13-825.

    5. The real property be sold in one unit.

6. If Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the U.S. Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the sale and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A. To Big Horn County, Montana, to satisfy the principal amount of any assessed taxes, to date of sale.

    B. To Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

C. Any overplus remaining after the payments to Big Horn County and Plaintiff shall be paid by the U.S. Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10. That if the monies from the sale are insufficient to pay the amounts due to the Plaintiff, the expenses of sale, and the costs, the Plaintiff have a deficiency judgment against Defendants Donnie D. Liming and Jenifer L. Liming (n/k/a Jenifer Kopp-Knight).

11. The Defendants, and any and all persons claiming under them, and all persons having lien subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this 11th day of October, 2017.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Court Judge